# In the United States Court of Federal Claims

No. 16-1309

Filed: October 19, 2020

---

**TERRY CRAWFORD,**

        *Plaintiff,*

**v.**

**UNITED STATES,**

        *Defendant.*

---

### ORDER OF DISMISSAL

The Order of July 15, 2020 (ECF 64), is **VACATED.**

The plaintiff, Terry Crawford, filed this action in October 2016. She alleges that the defendant has unlawfully failed to pay her the proceeds, with accrued interest, of United States Savings Bonds over which she claims ownership.

Under 28 U.S.C. 2501, a claim over which this court has jurisdiction must be filed "within six years after such claim first accrues." *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). The six-year statute of limitations is not subject to tolling. *Id.*

A claim accrues "when all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to initiate an action." *Hopland Band of Pima Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988).

The plaintiff's claim in this case accrued in 1990, when her mother, the alleged co-owner of the bonds at issue, died intestate. Alternatively, the plaintiff's claim might have accrued in 1991, when her father, the co-heir of her mother's estate, died, leaving the plaintiff, as his only child, his sole heir at law. In either case, this suit was filed well beyond the six-year statute of limitations.[1]

The facts to which the plaintiff points in arguing that her claim accrued later than 1990 or 1991 all go to her ability to provide proof of her claim; they do not go to the existence of the claim itself and are therefore unavailing. If the plaintiff is to succeed in securing the proceeds of

---

[1] In the history of the plaintiff's tangled efforts to recover the value of the bonds, the only event that could form the basis for an alternative argument that the plaintiff's claim accrued upon its occurrence was the 2006 judgment of a Tennessee state court. The Court rejects the argument that the 2006 judgment of the Tennessee state court represents the date when the plaintiff's claim accrued, but even if the claim did accrue in 2006, the plaintiff had to have filed her complaint by 2012; 2016 is still too late.

the bonds, she will have to demonstrate directly to the Department of the Treasury through indicia that are legally adequate to show that she is the sole owner of the bonds.

The complaint in this case was filed many years after the six-year statute of limitations had expired. Accordingly, the defendant's motion to dismiss (ECF 58) is **GRANTED**, and the complaint is **DISMISSED** with prejudice under Rules 12(b)(1) and 12 (h)(3) of the Rules of the Court of Federal Claims. The plaintiff's motion for summary judgment (ECF 51) is **DENIED** as moot. The Clerk is directed to enter judgment accordingly. No costs are awarded.[2]

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[2] The Court indicated to the parties its intention to dismiss the claim but allowed the plaintiff the opportunity to settle the case for the full face-value of the bonds. The plaintiff appears to be under the misapprehension that she is entitled to additional interest on the matured bonds because she believed the defendant was continually reinvesting the proceeds of these bonds as they matured. The plaintiff's misapprehension has no basis in the law. The Court wishes to acknowledge and express appreciation for the efforts of the plaintiff's counsel to represent their client vigorously and in her best interest. The Court also expresses appreciation to the defendant and its counsel for their willingness to resolve the case amicably, notwithstanding their position, now accepted by the Court, that the Court lacked jurisdiction over the complaint.